UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Phoenix Services Topco, LLC, *et al.* | ) | Case No. 22-10906(MFW) |
| | ) | |
|     Debtors | ) | |

| | | |
|---|---|---|
| Radius Construction Co., Inc. | ) | |
| | ) | Adv. Proc. No. _____ |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Phoenix Services Topco, LLC, | ) | |
| Phoenix Services Parent, LLC, | ) | |
| Phoenix Services Holdings Corp., | ) | |
| Phoenix Services International LLC, | ) | |
| Metal Services, LLC, | ) | |
| Terracentric Materials LLC, | ) | |
| Cool Springs LLC, | ) | |
| Metal Services Investment LLC, and | ) | |
| Phoenix Receivables, LLC. | ) | |
| | ) | |
|     Defendants | ) | |

**COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO
11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B),**

Comes now the Plaintiff, Radius Construction Co., Inc. ("Radius"), and for its complaint against the Debtors, Phoenix Services Topco, LLC, Phoenix Services Parent, LLC, Phoenix Services Holdings Corp., Phoenix Services International LLC, Metal Services, LLC, Terracentric Materials LLC, Cool Springs LLC, Metal Services Investment LLC, and Phoenix Receivables LLC ("Debtors"), states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. § 157(a), (b)(1), and (b)(2)(J) and 28 U.S.C. § 1334. This adversary proceeding relates to Debtors' jointly administered Chapter 11 case, Case No. 22-10906, now pending in the United States Bankruptcy Court for the District of Delaware.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(2)(J).

3. Venue is proper herein pursuant to the provisions of 28 U.S.C. § 1408.

## PROCEDURAL POSTURE

4. On September 27, 2022 (the "Petition Date"), Debtors filed a voluntary petition for relief under the provisions of Chapter 11 of the United States Bankruptcy Code.

5. On November 1, 2022, the Trustee conducted the Section 341 Meeting of Creditors which was continued in progress to a later date.

6. On November 28, 2022, Debtor, Metal Services, LLC, filed its Schedule of Assets and Liabilities, listing Radius as a creditor in the amount of $1,698,062. All Debtors other than Metal Services, LLC, did not identify Radius as a creditor but instead listed their creditors as "undetermined."

7. On November 30, 2022, Radius filed its claim in the amount of $1,698,062.

## GENERAL ALLEGATIONS

8. Radius provides construction management and general contractor services. Radius possesses decades of experience in constructing pre-engineered metal buildings. Radius' experience includes building structures utilized to process slag, a by-product of steel production, referred to in the industry as slag barns.

9. Debtors are in the business of processing slag.

10. Debtors first contacted Radius in September of 2017 to repair the roof on one of its slag barns at Nucor Steel's facility in Gallatin County, Kentucky. Debtors contacted Radius because Radius built the slag barn for Debtors' predecessor, Harsco.

11. On November 5, 2018, after Radius successfully completed the roof repair for Debtors, Debtors inquired about the cost of building a new slag barn at the Nucor Steel in Gallatin County.

12. Over the succeeding years, Radius prepared and revised several different estimates for the new slag barn.

13. On October 6, 2021, Radius sent Debtors what became the final estimate in the total amount of $3,327,794 for the construction of a "60' x 60' Shop Addition w/ 15' x 62' lean-to & 150' x 240' Slag Barn-Rev 2" ("Shop Addition, Lean-To, and/or Slag Barn"). A copy of Radius' estimate number 11389 is attached as **Exhibit A**.

14. On November 9, 2021, Debtors accepted Radius' estimate for the base cost of the Shop Addition, Lean-to and Slag Barn. A copy of Debtors' purchase order 3021320 accepting Radius' estimate is attached as **Exhibit B**.

15. Following receipt of Debtors' purchase order, Radius started the construction process to complete the metal building order for the Shop Addition and Slag Barn for a scheduled delivery date later determined to be during the week ending July 29, 2022.

16. In June of 2022, Debtors contacted Radius to ask what effect a delay in delivery of metal buildings would have on the construction of the Shop Addition and Slag Barn and the contract price.

17. On June 27, 2022, Radius emailed a letter to Debtors regarding Debtors' request to delay delivery. Radius' letter explained that a delay would result in the immediate issuance of an

invoice in the amount of $839,718 and a total price increase of $121,059, which Debtors would have been responsible for. Radius' letter concluded by explaining to Debtors that before Radius could obtain the materials required to construct the Shop Addition and Slag Barn, Debtors were required to submit financial verification documentation to Radius' subcontractor, Kirby Building Systems. A copy of Radius' June 27, 2022, letter is attached as **Exhibit C**.

18. On June 30, 2022, presumably in light of the increased costs and delay, Debtors responded to Radius' letter via email and instructed Radius not to delay delivery but to proceed with delivery on July 29, 2022. Debtors' email also requested additional information regarding the requested financial verification documentation. Specifically, Debtors wrote:

> We decided not to delay this project and do not understand the need to complete these [financial verification] forms. However, if we do need to complete them we are unsure how to do so. **We are not getting a loan from a bank for this project.**
>
> How can we have our bank give a letter saying there is or is not a loan if we have never engaged them about this project. **We plan to make payment when the goods are received. Phoenix Services makes payments weekly of millions of dollars globally to hundreds of vendors. There is no issue with us funding this project and expect it to move forward.**
>
> We are happy to send Kirby a letter on our own letterhead stating that we intend to make payment. **We can also share with them our current cash situation showing that we have ample money to make a $1-2M payment.** But we do not see how it is necessary to have a bank give a letter stating we do not have a loan with them.
>
> If you can please reach out to Kirby on our behalf to ask if this is acceptable it would be helpful.

(emphasis added). A copy of Debtors' June 30, 2022, email to Radius is attached as **Exhibit D**.

19. Consistent with its email to Radius, on June 30, 2022, Debtors also sent a letter to Kirby Building Systems to verify their financial condition. Debtors' letter represented that:

> This is to verify there is no construction loan, at this time, for the Slag Barn and Maintenance Shop Extension, for the Phoenix Gallatin facility located at 4831 U.S. Hwy. 42, Ghent, Ky 41045 – concerning the following projects

4

KBS #'s: K21A0964A & K21A0977A.

However, **Metal Services llc d/b/a Phoenix services llc has sufficient funds on deposit with PNC Bank to cover the cost of building materials equaling $1,366,560 which will be available to draw at the time of invoice plus agreed payment terms (Net 20).**

A copy of Debtors' June 30, 2022, letter is attached as **Exhibit E**.

20. In addition to their letter, Debtors also emailed Kirby a screenshot of Debtors' PNC bank statement indicating that it had $20 million on hand. A copy of Debtors' email to Kirby is attached as **Exhibit F**.

21. Shortly after Debtors' communications with Kirby, Debtors' Senior Vice President of Procurement and Assets forwarded the same financial verification documentation and information to Radius. *See* Debtors' June 30, 2022, email to Radius, Ex. D.

22. On July 1, 2022, Debtors sent Radius another email confirming that Debtors were "ready" for Radius to begin construction of the Shop Addition. A copy of Debtors' July 1, 2022, email is attached as **Exhibit G**.

23. Debtors' representations regarding their financial condition and readiness were false and made with the intent to mislead Radius regarding Debtors' intent to pay Radius for its goods and services.

24. On July 21, 2022, Debtors indicated they wanted to delay the project. Based upon discussions with Debtors, Radius understood this was due to production delays with Nucor Steel's new facility. Debtors requested, via email, that Radius "1) Finish all the concrete work on the maintenance extension [Shop Addition]. We do not want any exposed rebar. 2) Design and plan for the used oil heaters, but do not order the heaters. 3) Deliver the building as planned, but do not start erection. We will work together on an actual start date, likely out at least 2 months. 4)

Any other purchases of any kind that can reasonably be delayed, please hold off purchasing." A copy of the Debtors' July 21, 2022, email is attached as **Exhibit H**.

25. In reliance on Debtors' representations regarding their financial condition and readiness, Radius purchased the necessary materials from Kirby and began work on the Shop Addition. All other materials which had not already been purchased by July 21, 2022, by Radius or subcontractors were put on hold as requested. Radius delivered portions of the Shop Addition and Slag Barn to Nucor Steel's Gallatin County site on July 22, July 28 and July 29, 2022. Radius' last date of work on the Shop Addition concrete was August 11, 2022.

26. Debtors failed to pay Radius' invoices within the agreed upon payment terms.

27. Shortly thereafter, Debtors filed for bankruptcy on September 27, 2022.

28. As a result, Radius filed a mechanics' lien and equipment liens to secure its right to payment.

## COUNT ONE

29. Radius adopts and incorporates by reference and alleges herein all of the allegations in the foregoing paragraphs as if set forth individually in this Count One.

30. Pursuant to 11 U.S.C. § 523(a)(2)(A) of the United States Bankruptcy Code, a debt for money to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition, shall be excepted from discharge.

31. Debtors wrongfully obtained Radius' goods and services by way of false pretenses, false representations, and actual fraud.

32. Debtors falsely represented their financial condition to Radius, intent to complete the terms of Radius' estimate, and intent to pay Radius for its goods and services.

6

33. Debtors' false representations were made with intention of obtaining Radius' goods and services and caused Radius to rely on them.

34. Debtors' false representations were taken in bad faith and for the purpose of misleading others and Radius to the detriment of Radius.

35. Debtors' false representations were a direct and proximate cause of the harm suffered by Radius.

36. Based upon the foregoing false pretenses, false representations, and actual fraud, Radius requests that the sum of $1,698,062 owed to it by Debtors be deemed nondischargeable.

37. In committing the acts hereinabove described, Debtors acted willfully, maliciously, and with deliberate intent to deceive Radius, and because thereof, Radius is entitled to punitive and exemplary damages in an amount to be determined at the time of trial.

## COUNT TWO

38. Radius adopts and incorporates by reference and alleges herein all of the allegations in the foregoing paragraphs as if set forth individually in this Count Two.

39. Pursuant to 523(a)(2)(B) of the United States Bankruptcy Code, a debt incurred by a debtor who obtains money, property, or services by use of a statement in writing that is materially false respecting the debtor's financial condition on which the creditor to whom the debtor is liable for such money reasonably relies and that the debtor caused to be made with intent to deceive shall be excepted from discharge.

40. Debtors made false representations respecting their financial condition to Radius in their June 30, 2022, email and its attachment, including Debtors' letter to Kirby.

41. Debtors made those false representations to Radius with the intent to deceive Radius and obtain Radius' goods and services.

42. Radius reasonably relied on Debtors' false representations and provided Debtors its goods and services.

43. As a direct and proximate result of the foregoing, Radius has suffered damages in the amount of $1,698,062, which should be exempted from discharge in the Debtors' bankruptcy.

44. Based upon the foregoing use of a statement in writing that is materially false respecting the Debtors' financial condition, Radius requests that the debt owed to it by Debtors be deemed nondischargeable.

45. In committing the acts hereinabove described, Debtors acted willfully, maliciously, and with deliberate intent to deceive Radius, and because thereof, Radius is entitled to punitive and exemplary damages in an amount to be determined at the time of trial.

WHEREFORE, Radius respectfully requests that this Court enter a judgment determining that the debts due Radius Construction Co., Inc., in an amount to be determined by this Court are nondischargeable under Bankruptcy Code § 523(a)(2)(A) and 523(a)(2)(B), and granting Radius such other and further relief as this Court may deem just and proper.

/s/ Brian J. McLaughlin
Brian J. McLaughlin, Esq. (#2462)
Offit Kurman, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
Phone: (302) 351-0916
Brian.mclaughlin@offitkurman.com

Elizabeth Graham Weber
Justin L. Knappick
Dressman Benzinger LaVelle psc
109 East Fourth Street
Covington, KY 41011
Phone: (859) 341-1881
Fax: (859) 788-2011
bweber@dbllaw.com